MATTER OF COFFMAN

In Section 212 (e) Proceedings

A–17809098

*Decided by Deputy Associate Commissioner April 10, 1969*

A more liberal attitude may be taken in determining that applicant has established the necessary degree of hardship contemplated by section 212(e) of the Immigration and Nationality Act, as amended, and qualifies for a waiver of the foreign residence requirement since her exchange program participation was not to receive training but rather to impart her skills to American teachers; further, she was in this country as an exchange visitor for a very short period (less than 90 days) and has nearly completed two years of residence abroad.

Jurisdiction of this case has been assumed by certification pursuant to the provisions of 8 CFR 103.4. The decision of the District Director on February 29, 1969, denying the subject application for a waiver of the two-year foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, on the ground that exceptional hardship had not been established, was affirmed by the Regional Commissioner on March 13, 1969.

The applicant, Sigrun Coffman, a 26-year-old native and citizen of Germany, was admitted to the United States from Germany as an exchange teacher to instruct American teachers how to speak better German under Exchange Program P–I–226 on June 14, 1967, and departed from the United States on September 4, 1967. On August 29, 1968, at Hamburg she married Larry Roger Coffman, a citizen of the United States, born at San Jose, California, January 3, 1936. He is presently with the applicant in Germany and desires to bring her to the United States for permanent residence.

As an exchange alien, the applicant is required by law to reside and be physically present in Germany or in another foreign country for an aggregate period of at least two years following departure from the United States, provided that such foreign residence in another foreign country shall be considered to have served the

purpose and the intent of the Mutual Educational and Cultural Exchange Act of 1961 unless a determination is made that the foreign residence requirement would impose exceptional hardship upon her United States citizen spouse.

Section 212(e) provides, in part, as follows:

... upon the favorable recommendation of the Secretary of State, pursuant to the request of an interested United States Government agency, or of the Commissioner of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child (if such spouse or child is a citizen of the United States or a lawfully resident alien), the Attorney General may waive the requirement of such two-year foreign residence abroad in the case of any alien whose admission to the United States is found by the Attorney General to be in the public interest ...

Unless a waiver is granted to the applicant, she may not make application for an immigrant visa until September 4, 1969. The applicant's United States citizen spouse, a school teacher, is on a leave of absence from his school district and must return to Reno, Nevada, by August 28, 1969, "in order not to be penalized financially by school officials." They desire to return to the United States in early August, 1969, in order to seek living quarters before school starts. The applicant states that, if her spouse precedes her to the United States, they will incur additional transportation and living expenses of approximately $400 which they can ill afford due to his protracted residence abroad. It will also necessitate their separation and the considerable inconvenience of traveling separately.

Mrs. Coffman was admitted to participate in a private program at her own expense as a teacher to impart her skills to American teachers, not to receive knowledge to be imparted to natives of her own country upon her return. A more liberal attitude may therefore be taken in determining if the necessary degree of hardship has been established (see *Matter of Duchneskie*, 11 I. & N. Dec. 583). Further, it is to be noted that the applicant was an exchange visitor for a period of less than 90 days and will, by the time she desires to return to the United States, have completed one year and eleven months residence in her native country which period encompasses two full school years. She is a teacher, hence this would for practical purposes fulfill any possible obligation to Germany and should be given consideration in determining the degree of hardship necessary to be established.

In view of the foregoing, it has been determined that compliance with the foreign residence requirement of section 212(e)

207

would impose exceptional hardship upon Mrs. Coffman's United States citizen husband. The Secretary of State has recommended that the foreign residence requirement be waived. It is found that the admission of the applicant would be in the public interest.

**ORDER:** It is ordered that the application of Sigrun Coffman for a waiver of the two-year foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, be granted.